IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AISHA RHODES,            : | |
|        Plaintiff,   : | |
|      : | |
| v.        : | CIVIL ACTION NO. 15-5135 |
|      : | |
| US BANK NATIONAL ASSOCIATION, : | |
| *et al.*        : | |
|        Defendants.  : | |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                        **February 27, 2017**

      Plaintiff has filed suit alleging that Defendants, U.S. Bank, N.A. and KML Law Group, P.C. ("KML"), violated the Fair Debt Collection Practices Act ("FDCPA")[1] in connection with a foreclosure action brought in Pennsylvania state court based on a mortgage on Plaintiff's property. U.S. Bank had been assigned the mortgage; KML represented U.S. Bank in the state court action. Defendants have moved to dismiss Plaintiff's Amended Complaint. For the following reasons, the motions will be granted.

**I.    FACTS ALLEGED**

      Although the Amended Complaint contains much that is commentary and references many sections of the FDCPA that do not appear relevant to the claims, Plaintiff does include certain specific allegations that Defendants violated the FDCPA by sending her the following documents: (1) a December 31, 2014 response to interrogatories that Ms. Rhodes had served in the state court action and that Plaintiff alleges lacked the disclosure mandated by the FDCPA; (2) a May 27, 2015 response to a notice of dispute and debt verification request that Ms. Rhodes had sent to KML, that Plaintiff alleges was confusing and false because KML represented that it was

---

[1] 15 U.S.C. § 1692, *et seq.*

both a debt collector and a law firm entitled to attorney's fees; (3) a June 18, 2015 letter from KML to Plaintiff seeking Plaintiff's agreement to a consent judgment in the state lawsuit that lacked the disclosure mandated by the FDCPA; (4) a July 2, 2015 letter from KML to Plaintiff again seeking Plaintiff's agreement to a consent judgment in the state lawsuit that lacked the disclosure mandated by the FDCPA; and (5) an August 25, 2015 letter from KML to Plaintiff that lacked the disclosure mandated by the FDCPA stating that Ms. Rhodes and an attorney from KML had discussed the possibility of a consent judgment in the state lawsuit but that the attorney had not received the signed form.  Plaintiff has attached these documents to the Amended Complaint.  Defendants argue that the claims are barred by the statute of limitations and by principles of preclusion, and that they fail to state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[2]  In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[3]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4]  Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[5]  The

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[3] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] *Twombly*, 550 U.S. at 555, 564.

[5] *Id.* at 570.

complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[6]

A.   *Statute of Limitations*

To the extent that Plaintiff may be attempting to assert claims based on the pursuit of the debt-collection litigation itself, such claims are time-barred. Plaintiff filed this action on September 14, 2015, and the state court action was filed and served on Plaintiff in March of 2013. Claims under the FDCPA must be brought within one year,[7] and the statute begins to run at the filing or service of process of the "underlying collection action."[8] Therefore, any claims under the FDCPA with regard to Defendants' filing or pursuit of the state court action are time-barred.

B.   *Preclusion*

Alternatively, to the extent that certain claims may not be barred by the statute of limitations, Defendants argue that they have been litigated in the state action and Plaintiff is precluded from raising them here. A plaintiff's claims may be precluded based on the doctrine of *res judicata* if the following elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[9] "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same

---

[6] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation mark omitted).

[7] 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this title . . . may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.").

[8] *Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. App'x 128, 130-31 (3d Cir. 2009).

[9] *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

3

cause of action."[10] In this regard, the Court may consider the documents relating to the state court action that Defendants have attached to the motions.[11] The state trial court entered judgment against Plaintiff on October 27, 2015 (before the Amended Complaint was filed), and the Pennsylvania Superior Court affirmed the trial court's ruling on July 11, 2016.[12] Any questions as to the accuracy of the amounts sought or the validity of the debt properly were litigated in state court, and the final judgment resolves any claims relating to such issues. Thus, *res judicata* bars Plaintiff from relitigating such claims in this Court.[13]

    C.    *Failure to State a Claim*

The judgment in the state court did not necessarily resolve the question of whether certain communications sent while that action was pending violated the FDCPA.[14] To the extent that such claims are not barred by *res judicata*, Plaintiff has failed to state a claim upon which relief may be granted.[15]

Debt collectors must abide by certain requirements when communicating with consumers. Section 1692e(3) prohibits "the false representation or implication that any

---

[10] *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (quoting *Balent v. City of Wilkes–Barre,* 669 A.2d 309, 313 (Pa. 1995)).

[11] *Lewis v. O'Donnell*, No. 16-2820, 2017 WL 35711, at * 2 (3d Cir. Jan. 4, 2017).

[12] *See* Doc. No. 23-1 (non-precedential Superior Court opinion).

[13] *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 949 (3d Cir. 2010) (holding that the plaintiff's claims were barred by *res judicata* because they were "intimately tied to the creation of the mortgage and subsequent foreclosure" and thus could have been brought as counterclaims in the state foreclosure proceeding). The Court does not hold, as argued by Defendants, that the *Rooker-Feldman* doctrine applies in this case, as Plaintiff does not appear to seek to redress an injury caused by the state court judgment, as the doctrine requires. *See Lewis v. Citibank, N.A.*, 179 F. Supp. 3d 458, 462 (E.D. Pa. 2016).

[14] *See Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 179 (3d Cir. 2015) (holding that FDCPA claims may be asserted in federal court parallel to state court foreclosure proceedings).

[15] Although Plaintiff cites many sections of the FDCPA, none except those discussed below are potentially relevant to the allegations of the Amended Complaint. For example, there are no allegations that Defendants communicated with Plaintiff at an improper time or place, 15 U.S.C. § 1692c(a), with third parties, 15 U.S.C. § 1692c(b), or in a harassing or oppressive manner, 15 U.S.C. § 1692d.

individual is an attorney or that any communication is from an attorney."[16] Section 1692e(11) addresses "[t]he failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."[17]

The communications at issue do not violate the FDCPA as a matter of law, as all of the communications were sent while the state court proceedings were pending, and Ms. Rhodes, who represented herself in that litigation, cannot have been unaware that U.S. Bank was attempting to collect a debt by foreclosing on the mortgage and that KML represented U.S. Bank. Formal pleadings in legal actions need not include the notice, and although the response to the interrogatories that Ms. Rhodes sent "does not constitute a 'pleading' . . . the responses at issue were solicited by Plaintiff in the context of state court discovery and do not constitute the type of 'communication' contemplated by § 1692e(11)."[18] Similarly, the communications regarding the proposed consent judgment directly related to and were an attempt to resolve the state court litigation. That the documents came from KML and referenced the state court action served as adequate notice that the documents related to the debt.[19] Plaintiff has failed to state a cause of action in the Amended Complaint.

---

[16] 15 U.S.C. § 1692e(3).

[17] 15 U.S.C. § 1692e(11).

[18] *Hairston v. Green Tree Servicing LLC*, No. CV 14-6810, 2015 WL 9302865, at *4 (E.D. Pa. Dec. 22, 2015).

[19] *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 360 (D.N.J. 2006) (holding that "where a law firm clearly represents a mortgagee in a foreclosure action against a mortgagor, and has previously issued the required 'mini-Miranda' warnings in writing, its subsequent communications with the debtor need not identify the law firm as a debt collector so long as the communication clearly and directly relates to the pending litigation.").

## IV.    CONCLUSION

For the reasons explained above, the motions to dismiss will be granted.  Because Plaintiff filed the Amended Complaint in response to earlier motions to dismiss, and it appears any amendment (which has not been requested) would be futile, the Amended Complaint will be dismissed with prejudice.[20]  An appropriate order will be entered.

---

[20] *See Shah v. United States*, 540 F. App'x 91, 95 (3d Cir. 2013).